

DOCKET NO. 741

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GAR C. MAY & ENTITIES SECURITIES AND INSURANCE COVERAGE LITIGATION

ORDER DENYING TRANSFER*

This litigation presently consists of three actions pending in two federal districts: two actions in the Northern District of Georgia and one action in the Southern District of California. Before the Panel is a motion by defendants Gar C. May and Azar May to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in the Southern District of California for coordinated or consolidated pretrial proceedings.1/ Plaintiffs in the two Georgia actions oppose transfer.2/

On the basis of the papers filed and the hearing held, the Panel finds that centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. One of the actions before us (Boisky) is a securities fraud action, and the other two actions before us are declaratory judgment actions concerning insurance coverage for the alleged fraud. Movants have failed to demonstrate that Boisky shares significant factual questions with the declaratory judgment actions, or that these latter two actions -- involving the obligations of two different insurance companies under two separate insurance policies -- share significant factual questions with each other. Additionally, we note that i) pretrial proceedings in Boisky are relatively advanced, and ii) plaintiffs in both Georgia actions oppose transfer to the

---

\* Judge Andrew A. Caffrey took no part in the decision of this matter.

1/ Three additional related actions are pending in federal district courts as follows: two in the Southern District of California and one in the Western District of Oklahoma. The Section 1407 movants have filed an amended motion seeking to add these three actions to the original motion, but the amended motion was filed too late to permit these three actions to be included among the matters for consideration at the Panel's hearing in Dallas, Texas on November 18, 1987.

In addition, the Panel has been advised that approximately 30 other similar actions are pending in California state court.

2/ Plaintiffs in the two related Southern District of California actions have filed an interested party response favoring centralization in the Southern District of California of their two actions and one Georgia action (Boisky). Plaintiff in the related Western District of Oklahoma action has filed an interested party response opposing transfer.

Southern District of California. In light of these factors, we are not persuaded that Section 1407 transfer is warranted. We also point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

SCHEDULE A

MDL-741 -- In re Gar C. May & Entities Securities and Insurance Coverage Litigation

### Northern District of Georgia

Robert L. Boisky, et al. v. Gar C. May, et al., C.A. No. C86-1260A

State Farm Fire & Casualty Company v. Robert L. Boisky, et al., C.A. No. C86-2593A

### Southern District of California

Blue Ridge Insurance Company v. Gar C. May, et al., C.A. No. 86-2015-R